IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BARBARA KIMBLE,**

    **Petitioner,**

**v.**                                                   **Civil Action No. 1:07cv104**
                                                                **Criminal Action No. 1:06cr21(2)**
                                                                **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondents.**

**OPINION/REPORT AND RECOMMENDATION**

On August 3, 2007, the *pro se* petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The United States filed a response to the petition on October 26, 2007. On February 22, 2008, the petitioner filed a Reply motion, along with a Memorandum in Support to the United States' Response. This case is before the undersigned for a preliminary review and report and recommendation pursuant to LR PL P 83.01, et seq., and Standing Order No. 4.

**I.**    **Procedural History**

**A.**    **Conviction and Sentence**

On May 25, 2006, the petitioner signed a plea agreement by which she agreed to plead guilty to Count Sixteen of the Indictment charging her with aiding and abetting another person in unlawfully, knowingly, and intentionally possessing with the intent to distribute approximately 7 grams of cocaine base, known as 'crack," in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and Title 18, United States Code, Section 2. See Plea Agreement

(dckt. 49) ¶ 1.  In the plea agreement, both parties stipulate that on or about October 24, 2005, at or near Clarksburg, Harrison County, West Virginia, the petitioner, aided and abetted by James Dean, unlawfully, knowingly and intentionally possessed with the intent to distribute approximately 7 grams of cocaine base, also known as "crack." Id. at ¶ 9.  Additionally, both parties stipulated and agreed that the defendant's total relevant conduct in this case was at least 150 grams but less than 500 grams of cocaine base, some of which involved a protected location. Id.  On September 27, 2006, the petitioner was sentenced to 135 months imprisonment with credit for time served from May 17, 2006, and supervised release for 4 years. See Sentencing Order (dckt. 60) pp. 1-2.

**B.** **Direct Appeal**

The petitioner did not file a direct appeal of her conviction and sentence.

**C.** **Federal Habeas Corpus**

Petitioner's Contentions

(1) Ineffective assistance of counsel for

    (a) failing to show petitioner the audio and video discovery materials;

    (b) failing to object to the pre-sentence report upon request of petitioner;

    (c) failing to request that the Court give petitioner credit for time served on the state sentence she was serving at the time of her sentencing in the present case;

    (d) failing to correct pre-sentencing report as requested by the petitioner; and

(2) Petitioner's rights were violated because she was not served with a copy of the search warrant.

Government's Contentions

(1) Petitioner was afforded the opportunity to view audio and video discovery materials;

(2) Petitioner was adequately informed regarding her pre-sentence report and possible sentence;

(3) The Court did make a sentencing recommendation regarding time served;

(4) Petitioner's counsel corrected any pre-sentencing report mistakes; and

(5) Petitioner's rights were not violated because she was not served with a copy of the search warrant.

## II. Analysis

### A. Ineffective Assistance of Counsel .

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Strickland at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

In addition, "a defendant who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet." Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). In the case of a guilty plea, the defendant must show that "there is a reasonable

probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland 466 U.S. at 694.

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689-90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

(1) Failing to Show Petitioner the Audio and Video Discovery Materials

In the first portion of her motion, petitioner contends that her counsel was ineffective because he did not show her nor make her aware of the audio and video recordings created during the investigation of her case. Petitioner suggests that the recordings were exculpatory evidence and that her rights were violated because she was not given copies of them by counsel or the government. In Brady v. Maryland, 373 U.S. 83, 87 (1963), the Supreme Court stated that "the suppression of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Evidence is deemed "material if there is a reasonable probability that, had the evidence been disclosed . . . the result of the proceeding would have been different." Strickler v. Greene, 527 U.S. 263, 280,(1999), citing United States v. Bagley, 473 U.S. 667 (1985). Furthermore, the Court went on in Strickler to note**:**

4

> [T]here are three components of a true <u>Brady</u> violation:
> The evidence at issue must be favorable to the accused,
> either because it is exculpatory, or because it is impeaching;
> that evidence must have been suppressed by the State, either
> willfully or inadvertently; and prejudice must have ensued.

<u>Id</u>. at 281-282.

On April 12, 2006, the United States submitted a memorandum to petitioner enclosing its disclosure of Rule 16 material. <u>See</u> Gov. Response (dckt. 8) Ex. A. This disclosure included all documents in the United States' possession, as well as seventeen CDs-Rom which contained the audio and video recordings produced during the investigation of petitioner's case. <u>Id</u>. The United States advised in its memorandum that it was offering an "open file policy" to petitioner in her case. <u>Id</u>. Hence, petitioner's counsel was given copies of all evidence obtained by the government, plus was given access to any additional evidence that the government may obtain.

On June 8, 2006, petitioner entered a plea of guilty to Count 16 of the indictment, charging her with possession with intent to distribute crack cocaine. During the plea hearing, petitioner's counsel advised that he could not find a defense to the charges brought against petitioner, especially since there were digital recordings of the drug transactions. <u>See</u> Transcript of Plea Hearing (dckt. 75) pp. 29-30. Petitioner was present at the plea hearing. Petitioner did not dispute that the audio and video recordings existed. Furthermore, petitioner did not suggest that she had failed to review the discovery items when making an informed decision to plead guilty. Therefore, the record fails to support her argument that she did not know about the recording.

In the present action, the petitioner offers no evidence to support her claims that she did not see or hear the recordings. Moreover, the petitioner has not met her burden of proving that the result of her proceeding would have been different if she had seen those items. The

recordings depicting petitioner selling crack cocaine, are not favorable to her. Additionally, the recordings were not suppressed by government. Last, petitioner offers no evidence that even if the government had failed to disclose the recordings, petitioner would have been prejudice by the action. Therefore, petitioner's contention lacks merit.

(2) <u>Failing to Object to the Pre-sentence Report Upon Request of Petitioner</u>

In the second portion of her motion, petitioner claims that her counsel was ineffective when he failed to object to the pre-sentence report. Again, petitioner's contention goes against the record. According to the record, petitioner's counsel did not file objections to the pre-sentence report. However, counsel did file a Sentencing Memorandum (dckt.#52) on August 15, 2006. Additionally, at the sentencing hearing, petitioner's counsel adamantly argued for petitioner to receive a lighter sentence. Counsel argued that, prior to 2002, petitioner had no criminal history and that her criminal activity only began after she became addicted to crack cocaine following some tragic events in her life. <u>See</u> Sentencing Transcript (dckt. 75) pp.49-52. Counsel further argued that because of those circumstances, the Court should make a downward departure from the Sentencing Guidelines and sentence petitioner to a lesser term of imprisonment. <u>Id</u>. After concluding that the circumstances in petitioner's case did not warrant a downward departure, the Court sentenced her to 135 months of incarceration at the lowest end of the Guideline Range. <u>Id</u>. at 53-54. The irrefutable facts of the record show that petitioner's counsel did argue against the findings in the pre-sentence report. Thus, petitioner's contention that he did not is not supported by the record.

Further, at the Rule 11 hearing, the Court specifically asked petitioner if she understood that by entering the plea of guilty, she would be sentenced to a mandatory minimum of five

6

years. See Transcript of Plea Hearing (dckt 75) p. 15.  Further, the Court advised petitioner that it would not be bound by the United States' recommendations made in the plea agreement, that petitioner would be sentenced to "at least five years" and that no one could predict the sentence that petitioner would receive. *Id*. at 16-17; 29. Petitioner advised that she understood. *Id*. Furthermore, the Court meticulously explained that petitioner's sentence could be higher than the five-year mandatory minimum and that, if the Court did impose a higher sentence, petitioner could not withdraw her plea of guilty; petitioner replied that she understood. *Id*. at 23.

(3) Failing to Request That the Court Give Petitioner Credit for Time Served on the State Sentence Petitioner was Serving at the Time of Her Sentencing in the Present Case

At sentencing, a district court does not have the authority to award credit for time served. United States v. Wilson, 503 U.S. 329, 333 (1992).  Because [18 USC] § 3585(b) bases the credit on how much time a defendant "has spent" (as opposed to 'will have spent') prior to beginning his sentence, the District Court could not compute the amount of credit at sentencing. . . . Id. [Section] 3585(b) does not authorize a district court to compute the credit at sentencing. Id. at 334. It is well settled that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence" and for computing the amount of time served. *Id*. at 335; 18 USC § 3621(a). In this case, the Court ordered that petitioner be given credit for time served from May 17, 2006. See Sentencing Order (dckt. 60) p 2.   Therefore, the  Attorney General and not the Court will determine the amount of credit to be awarded toward petitioner's sentence. Therefore, petitioner's claim lacks merits.

(4) Failing to Correct Pre-Sentence Report as Requested by the Petitioner

In this ground, the petitioner again merely makes a self-serving claim that counsel failed to correct the pre-sentence report as requested by the petitioner.  Again, as in subsection (2),

7

petitioner has failed to provide sufficient evidence that counsel's performance was deficient in this regard, or that even if it was, the outcome of the proceedings would have been different. As mentioned previously, during the sentencing hearing, petitioner's counsel adamantly argued for petitioner's case. Further, petitioner filed a thorough and, as the Court noted on the record, a well-written Sentencing Memorandum detailing the petitioner's personal history and position on sentencing. Last, petitioner was able to freely and openly speak at her sentencing hearing regarding her past history, thus curing any inadequacies. See Sentencing Transcript (dckt. 75) pp.47-49. Hence, petitioner's contention is frivolous and should be dismissed.

**B.** **Failure to Serve Search Warrant**

In this ground, petitioner complains that she was not provided a copy of the search warrant that was executed upon her residence during the investigation of her case. As in the previous ground regarding the video and audio materials seized, petitioner seems to suggest that the search warrant was exculpatory evidence and that her rights were violated because she was not given a copy of the document by the government. The same case law governing petitioner's audio/visual contentions is applicable. See Brady; Strickler.

Again, as in the previous section, petitioner's assertion goes against her own recollection of the facts. Respondent's reply shows that the petitioner signed the Property Receipt form as the owner of the items seized during the execution of the search warrant. See Gov. Response (dckt. 8) Ex. B. The receipt clearly shows that petitioner was present at the time of the search, and she was served a copy of the warrant at that time. Therefore, petitioner's contention that she was not served with a copy of the search warrant is false and should be dismissed.

**III.** **Recommendation**

8

For the reasons set forth herein, the undersigned recommends that the Court enter an Order **DENYING** petitioner's § 2255 motion and **DISMISSING** this case with prejudice.

Within ten (10) days after being served a copy of this Opinion/Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendations to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendations set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United Stats v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record via electronic means.

DATED: June 18, 2008

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE